In re A.H. ROBINS COMPANY, INCOR-PORATED, Debtor, Employer's Tax Identification No. 54–0486348.

Elizabeth MAYKISH, Movant,

v.

DALKON SHIELD CLAIMANTS TRUST, Respondents.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 27, 1994.

Sandra Swenson, Swenson & Associates, Philadelphia, Pennsylvania, for Elizabeth Maykish.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Movant's Motion For Relief From Injunction to Stay the Running of State Statute of Limitation Pending a Forthcoming Motion to Interpret the Plan. The Court will grant Movant's motion to the extent set forth below.

Movant, an Option 3 claimant, received and rejected her initial offer and requested re-review. Pursuant to this request, her claim is being re-reviewed. In the instant motion, Movant alleges that she has a malpractice cause of action against her doctors that ac-

crued in February, 1993. Cognizant that such suits are barred unless they qualify as an Unreleased Claim, Movant requested a determination from the Trust that her claim against the doctors was an Unreleased Claim. *See* Debtors Sixth Amended and Restated Plan of Reorganization ("Plan") § 1.85 (defining "Unreleased Claim"); Plan § 8.04 (allowing Unreleased Claims to be asserted). The Trust notified Movant in October, 1994, that her claim does not so qualify and that she would need to file a motion with the Court for any further consideration of the matter. Movant now raises her intention to file a Motion to Interpret the Plan seeking an Unreleased Claim determination, but voices concern that the New Jersey statute of limitations will run before the Court addresses her motion. The statute allegedly runs on February 1, 1995. On these facts and allegations, Movant seeks three alternate forms of relief:

(a) [A] stay of the New Jersey statute with regard to Plaintiff's malpractice claim against Drs. Berman and Dollinger and St. Barnabas Hospital with regard to a potential state or federal court proceeding pending a forthcoming motion to interpret the plan relating to Unreleased Claims or in the alternative

(b) [An] order that the Plan is responsible for all Plaintiff's damages suffered from her doctors' malpractice negligence or

(c) [P]ermit Plaintiff to sue Drs. Dollinger and Berman and St. Barnabas Hospital for all damages suffered as a result of their medical negligence for failure to remove the Dalkon Shield as requested.

Movant's Motion at 3–4.

The Court will not grant the relief requested in items (b) and (c). The Trust correctly notes that it is not directly liable for the damages associated with physician malpractice "without regard to whether and to what extent Robins would have been liable for injuries legally and medically found to have been caused by the Dalkon Shield, to which the malpractice may have contributed." Trust Response at 3. Moreover, the relief in item (c) equates to an improper

request that the Court make an immediate determination that Movant's claim is an Unreleased Claim. Thus, the Court focuses on the first suggested form of relief.

It is well settled that the Court has the ability to stay claimant actions against health care providers. *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. Reiser)*, 972 F.2d 77, 81 (4th Cir.1992); *see also* Amended Administrative Order No. 1 ¶¶ 7 and 11. As the *Reiser* court stated, "staying third party litigation is within the broad equity powers granted bankruptcy courts under 11 U.S.C. § 105(a)." *Id.* at 82. While Movant does not possess a previously filed prepetition claim that would be the subject of a stay order, the Court may nevertheless enjoin her from *filing* her malpractice claim until the Court determines whether or not she possesses an Unreleased Claim.[1] Indeed, the potential for double recovery by the claimant and the danger of imposing double liability on the Trust indicate that "the interests in preserving the assets of the Trust and in promoting equitable recovery by all injured Dalkon Shield users justify issuance of [an injunction]." *Reiser*, 972 F.2d at 82. The issuance of an injunction should toll the New Jersey statute, thus allaying Movant's concern that the statute would run prior to the Court's consideration of her forthcoming Motion to Interpret.

The Court concludes that relief in the form of an injunction is warranted. Accordingly, the Court will order that Movant and any representatives of the Movant are immediately enjoined from filing any malpractice action against Doctors Berman and Dollinger, St. Barnabas hospital or any other third party until the Court rules on her forthcoming Motion to Interpret. Furthermore, the Court will order that Movant file her Motion to Interpret within thirty (30) days of the date of such Order. Failure to file such motion within the prescribed time will result in the automatic lifting of the injunction.

---

1. The Trust correctly notes that Movant is already subject to the injunction provisions in Plan § 8.04. The Court, however, undeniably has the power to direct an injunction specifically at the Movant in an effort to toll the statute of limitations.